IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| DAMON HOLMES | § | |
| v. | § | CIVIL ACTION NO. 5:21cv102 |
| CLIFF HARRIS, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Petitioner Damon Holmes filed this civil action complaining of the legality of his pending criminal prosecutions. The case was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. The Petitioner's Complaint**

Petitioner states that he was arrested by Detective Cliff Harris of the Texarkana Police Department on July 8, 2021, on false allegations of a robbery, even though he was not at the scene of the crime, nor was his vehicle. Instead, Plaintiff contends that Detective Harris placed him there "due to a racial problem previously occurred." He further asserts that Texarkana Chief of Police Kevin Shutte failed to investigate or take action on complaints made. For relief, Petitioner asks that "charges from arrest to be dismissed and expunged from criminal record due to the nature."

The Petitioner's claims and the relief sought concern the validity of the criminal charges against him and thus are properly presented in a habeas corpus petition rather than a civil rights lawsuit. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973). In the interest of justice, Petitioner's civil action should be re-characterized as an application for the writ of habeas corpus under 28 U.S.C. § 2241, challenging pre-trial confinement. *See Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1131 n.1 (5th Cir. 1987) (noting that the Fifth Circuit has approved the re-characterization of *pro se* prisoner claims according to the essence of the claims rather than the label placed on the complaint);

*Keenan v. Bennett*, 613 F.2d 127, 128-29 (approving district court's treatment of a civil rights lawsuit as a habeas petition and dismissing it for failure to exhaust state remedies).

## II. Discussion

28 U.S.C. § 2254(b)(1)(A) requires that federal habeas petitioners fully exhaust available state court remedies before proceeding in federal court. *Morris v. Dretke* 413 F.3d 484, 490 (5th Cir. 2005). This requirement is not jurisdictional but reflects the policy of federal-state comity, which is designed to give state courts the initial opportunity to consider and correct violations of their prisoners' federal rights. *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003).

The exhaustion requirement is satisfied when the substance of the federal claim has been fairly presented to the highest state court. *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999). This means that the petitioner must present his claims to the highest state court, which in Texas is the Court of Criminal Appeals, and "fairly apprise" that court of the federal rights which were allegedly violated. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). This may be done through direct appeal or in state habeas proceedings. *Morris*, 413 F.3d at 491, *citing Orman v. Cain*, 228 F.3d 616, 620 (5th Cir. 2000).

The requirement of exhaustion of available state remedies also applies to pre-trial habeas corpus petitions where the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner. *Dickerson v. State of Louisiana*, 816 F.2d 220, 223 (5th Cir. 1987).  Exceptions to the exhaustion requirement exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1)(B). A reviewing court may raise a petitioner's failure to exhaust *sua sponte.* *Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001).

In the pre-conviction context, a Texas prisoner confined after a felony indictment may file an application for writ of habeas corpus pursuant to Article 11.08 of the Texas Code of Criminal Procedure with the judge of the court in which he is indicted. *See* TEX. CODE CRIM. PROC. § 11.08 (Vernon 2003). If the trial court denies habeas relief under Article 11.08, the applicant's

remedy is to take a direct appeal to an intermediate appellate court and then petition for discretionary review by the Texas Court of Criminal Appeals. *See, e.g., Ex parte Twyman*, 716 S.W.2d 951, 952 (Tex. Crim. App. 1986) (citing *Ex parte Payne*, 618 S.W.2d 380, 382 n. 5 (Tex. Crim. App. 1981). Petitioner does not allege that he has presented his claims to the Texas Court of Criminal Appeals, and a review of the on-line records of the Court of Criminal Appeals as well as the courts of Bowie County does not show that Petitioner has filed a habeas application in the state district court, nor an appeal or petition for discretionary review. Nor has he filed any other pleadings, appeals, or habeas applications with the Court of Criminal Appeals. Petitioner has not shown an absence of available State corrective processes or circumstances rendering such processes ineffective to protect his rights. *See Graham v. Johnson*, 94 F.3d 958, 969 (5th Cir. 1996), *citing Duckworth v. Serrano*, 454 U.S. 1, 3, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981). Because Petitioner has not presented any of his claims to the highest court for the State of Texas, his federal habeas corpus petition should be dismissed without prejudice for failure to exhaust state remedies.

**III. Conclusion**

The Court is mindful of the fact that in the context of motions to vacate or correct sentence under 28 U.S.C. § 2255, the Supreme Court has held that a federal court cannot re-characterize a *pro se* litigant's motion as a first § 2255 motion unless it first informs the litigant of its intent to re-characterize, warns the litigant that this re-characterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provides the litigant an opportunity to withdraw the motion or amend it so that it contains all the § 2255 claims he believes he has. If this is not done, the Supreme Court stated that the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's "second or successive" restrictions. *Castro v. U.S.*, 540 U.S. 375, 376 (2003).

The concerns expressed by the Supreme Court in *Castro* are largely absent from the present case. The present Report recommends dismissal without prejudice for failure to exhaust state remedies, so a later habeas petition would not be considered successive. *In re Gasery*, 116 F.3d 1051,

1052 (5th Cir. 1997). Petitioner may seek pre-trial state habeas corpus relief as set out above and also may file a federal pre-trial habeas petition upon exhaustion of state remedies. He is likewise not precluded from seeking post-conviction federal habeas corpus relief in the event that he is convicted on any of the charges against him and he unsuccessfully exhausts state remedies concerning such convictions. In addition, should Petitioner wish to challenge the re-characterization of his case as a habeas petition, he may do through objections to this Report or by filing an amended complaint.

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. §2253(c)(1)(A). A district court may deny a certificate of appealability *sua sponte* because the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

The prerequisite for a certificate of appealability is a substantial showing that the petitioner has been denied a federal right. *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996). To do this, the petitioner must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. *James v. Cain*, 50 F.3d 1327, 1330 (5th Cir. 1995).

The Supreme Court has stated that when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the prisoner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

In this case, reasonable jurists would not find it debatable whether the district court was correct in its procedural ruling that Petitioner failed to exhaust his state remedies. For this reason, Petitioner is not entitled to a certificate of appealability.

## RECOMMENDATION

It is accordingly recommended that the above-styled civil action, construed as a pre-trial petition for the writ of habeas corpus, be dismissed without prejudice for failure to exhaust state remedies. It is further recommended that a certificate of appealability be denied *sua sponte*. The dismissal of this petition should not prevent Petitioner from defending himself in any way against the charges against him nor from seeking an appeal or any post-conviction remedies from any conviction or convictions which he may incur.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error.  *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 22nd day of February, 2023.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE